IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

NATHANIEL HOWARD THOMAS           §

VS.                               §                CIVIL ACTION NO. 4:12cv21

CITY OF McKINNEY POLICE DEPT, ET AL.§

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Nathaniel Howard Thomas, a prisoner on probation in the custody of a halfway house, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The complaint was filed on January 10, 2012. Plaintiff contends that he has been forced to register as a sex offender, allegedly on the basis of an offense that he was either never convicted of or which does not apply for such registration; however, he has not identified the offense for which he was actually convicted.

The Plaintiff has a history of abuse of court. He has filed at least three federal lawsuits that have been dismissed as frivolous or for failure to state a claim on which relief may be granted, including *Thomas v. Texas Dept. of Public Safety Crime Laboratory*, 4:10cv245 (N.D. Tex. Sept. 9, 2010); *Thomas v. Tamez*, 4:11cv543 (N.D. Tex. Sept. 2, 2011); *Thomas v. Judge Paul Brown*, 4:00cv87 (E.D. Tex. April 17, 2000); *Thomas v. McKinney Police Dept.*, 4:98cv284 (E.D. Tex. Jan.

1

7, 1999); and *Thomas v. Hagen*, 4:99cv308 (E.D. Tex. Jan. 31, 2000).

Congress decided to end the practice by prisoners of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. A prisoner may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The provision was designed to stop the type of abusive litigious practices being employed by inmates such as the Plaintiff. As the Fifth Circuit has recognized, the provisions of the PLRA, including the three-strikes provisions of § 1915(g), apply to prisoners convicted of a criminal offense on probation in a halfway house ("'detained in any facility' for a criminal conviction"), such as Plaintiff. *See Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007) (per curiam).

Plaintiff's claims do not give rise to an inference that he was under imminent danger of serious physical injury, as related to his claim, at the time he filed the lawsuit. For these reasons, his lawsuit should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(g).

## Recommendation

It is accordingly recommended that this action be dismissed with prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).

Within fourteen (13) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from

*de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 30th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE